UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JON IRBY,

                Plaintiff,

    v.

JACK MORNER, et al.,

                Defendant.

CASE NO. 2:23-CV-1927-JNW-DWC

REPORT AND RECOMMENDATION

Noting Date: February 9, 2024

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to Chief United States Magistrate Judge David W. Christel. Before the Court is Plaintiff Terrance Jon Irby's Declaration and Application to Proceed *In Forma Pauperis* ("Motion") and proposed complaint. Dkts. 1, 1-1. After reviewing the Motion, the Court concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends Plaintiff's Motion (Dkt. 1) be denied and Plaintiff be directed to pay the $405 filing fee in order to proceed with this action.

REPORT AND RECOMMENDATION - 1

I.  Background

Plaintiff, who is currently incarcerated at the Monroe Correctional Complex -IMU ("MCC"), filed the Motion in this civil rights action on December 11, 2023. Dkt. 1. In the proposed complaint, Plaintiff alleges he was transferred to MCC in 2021 and that the placement of the cuff ports at MCC is low and hurts his lower back and knees. Dkt. 1-1. He also asserts the handcuffs have caused permanent injury to his wrists. Dkt. 1-1. Plaintiff seeks two million dollars and injunctive relief. *Id*.

The Court notes that Plaintiff's proposed complaint is deficient in various respects, but the Court need not address the specific deficiencies unless and until Plaintiff satisfies the filing fee requirement.

II.  Discussion

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

[i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

A review of Plaintiff's litigation activities in the United States District Courts for both the Eastern and Western Districts of Washington and the Ninth Circuit Court of Appeals reveals that Plaintiff has accumulated at least three "strikes" under § 1915(g). *See Irby v. Munden, et al.*, Case No. 2:08-cv-05078-EFS, E.D. Wash. (case dismissed March 25, 2009 for failure to state a claim upon which relief may be granted); *Irby v. Sinclair, et al.*, Case No. 2:10-cv-05053-LRS, E.D. Wash. (case dismissed September 29, 2010 for failure to state a claim upon which relief may be granted); *Irby v. O'Neill*, Case. No. 13-35258, 9th Cir. (motion to proceed IFP on appeal denied on July 10, 2013 on grounds that appeal was frivolous); *Irby v. State of Washington, et al.,* (Case No. 14-35750, 9th Cir.) (motion to proceed IFP was denied because the appeal was frivolous). Therefore, Plaintiff has incurred three strikes and is barred from proceeding IFP in this action unless he can show he is exempt from the three-strikes rule because he is under imminent danger of serious physical injury.

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The

REPORT AND RECOMMENDATION - 3

imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff makes a conclusory claim of imminent danger. *See* Dkt. 1-1. Plaintiff states he has been required to use a low cuff port since 2021, when he was transferred to MCC. *Id*. at 4. He began filing grievance related to the low cuffing port in July of 2022. *Id*. He received responses to his grievances and, based on the allegations in his proposed complaint and in the grievance responses attached to the proposed complaint, Plaintiff has received medical treatment for his pain complaints. Additionally, prison employees appear to have provided Plaintiff with a mental health assessment based on his threats to self-harm. As Plaintiff complains of injury from cuffing that began in 2021, the claims of imminent danger are not credible. Further, Plaintiff cannot create the alleged danger by obstructing Defendants' ability to provide appropriate care, and then use that as a mechanism to circumvent the § 1915(g) bar with which he is obviously familiar. In sum, Plaintiff has not made a credible showing that he satisfies the imminent danger exception to the § 1915(g) bar.

Moreover, based on the allegations in the Complaint, it does not appear Plaintiff could proceed with this lawsuit. Plaintiff's compliant is difficult to read. However, he does not clearly explain how his rights are being violated by the named defendants. It is clear, however, that Plaintiff does not allege danger of an imminent, serious physical danger which is "ready to take

REPORT AND RECOMMENDATION - 4

place" or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056. Therefore, the imminent danger exception does not apply in this case, and Plaintiff is subject to the three-strikes rule.

### III. Conclusion

For the above stated reasons, the Court finds Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies. Therefore, the Court recommends Plaintiff's Motion to Proceed IFP (Dkt. 1) be denied. The Court further recommends Plaintiff be ordered to pay the $405 filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted if he wishes to proceed with this lawsuit. If Plaintiff does not pay the filing fee, the Court recommends the action be terminated.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on February 9, 2024, as noted in the caption.

Dated this 25th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge